IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**STEVEN MILLER,**                                  05-CV-555-AS

    **Plaintiff,**                          OPINION AND ORDER

v.

**SENTRY CREDIT, INC.,**

    **Defendant.**


**KEITH D. KARNES**
Olsen, Olsen & Daines
1599 State Street
P.O. Box 12829
Salem, OR 97309
(503) 362-9393

    Attorneys for Plaintiff


**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion for Entry of Default Judgment (#6).

On April 22, 2005, Plaintiff brought this action against

1 - OPINION AND ORDER

Defendant Sentry Credit, Inc.  Defendant failed to appear, and, on August 30, 2005, the Court entered a Default Order in favor of Plaintiff.  Plaintiff now moves for entry of a Default Judgment in the amount of $76,600.00.

For the reasons that follow, the Court **GRANTS** Plaintiff's Motion and enters Judgment against Defendant and in favor of Plaintiff in the amount of **$11,600**.  The Court also awards Plaintiff reasonable attorneys' fees and costs incurred herein in an amount to be determined.

## **FACTS**

Plaintiff has submitted admissible evidence, including the uncontested Complaint, to support the following factual findings.

Plaintiff is a resident of Portland, Oregon.  Defendant is a Washington corporation and is in the business of collecting consumer debts alleged to be due to another.

On June 28, 2004, Defendant telephoned Plaintiff's place of employment in an attempt to collect a debt.  Plaintiff was not available to take the call, and Defendant left a message with one of Plaintiff's coworkers.  On July 8, 2004, Defendant left another message at Plaintiff's place of employment.  Plaintiff contacted Defendant and told Defendant not to call him at work.

On October 25, 2004, Defendant called Plaintiff's supervisor, Steve von Hagen, at his home in an attempt to collect

a debt owed by Plaintiff.[1]  After this telephone contact, von Hagen wrote a lengthy letter to Plaintiff expressing his outrage at Sentry Credit and its tactics and told Plaintiff to "make this go away."

Plaintiff was embarrassed by Defendant's telephone calls and thought he might lose his job.  Defendant's telephone calls to Plaintiff's place of employment and to his supervisor's home caused Plaintiff to feel anxious, to get headaches, and to feel his privacy was invaded.

## **STANDARDS**

### I. The Fair Debt Collection Practices Act (FDCPA)

A debt collector who violates the FDCPA is liable to the consumer for damages.  In an individual action, the damage award is the sum of:

> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A). . . such additional damages as the court may allow, but not

---

[1] Plaintiff also asserts Defendant telephoned unidentified neighbors in attempts to collect Plaintiff's debt.  Plaintiff, supports this assertion only with his own Affidavit in which he attests:  "My neighbors came to me and told me that Sentry Credit called my neighbors and told them to contact me and pay my debt to Sentry Credit."  Plaintiff does not identify the neighbors or the dates of Defendant's alleged contacts with them.  The Court finds Plaintiff's statement is inadmissible hearsay and does not support Plaintiff's allegations that Defendant contacted his neighbors.

3 - OPINION AND ORDER

>           exceeding $1,000;
>
>                * * *
>
>           (3) in the case of any successful
>           action to enforce the foregoing
>           liability, the costs of the action,
>           together with a reasonable
>           attorney's fee as determined by the
>           court.

15 U.S.C. § 1692k(a). "A plaintiff need not show actual pecuniary damages in order for the court to award statutory damages." *Harvey v. United Adjusters*, 509 F. Supp. 1218, 1222 (D. Or. 1981). "The provisions of the Act are designed to prevent unscrupulous debt collection practices, most of which would cause mental anguish or emotional injury rather than pecuniary loss." *Id.*

The FDCPA also requires the court to consider the following factors to determine the amount of a defendant's liability:

>           [T]he frequency and persistence of
>           noncompliance by the debt collector, the
>           nature of such noncompliance, and the extent
>           to which such noncompliance was intentional.

15 U.S.C. § 1692k(b)(1).

>           Where noncompliance by the debt collector is
>           frequent or persistent, the Court must
>           consider that factor when determining the
>           amount of statutory damages.  It appears that
>           the intent of Congress is that in an
>           aggravated case of persistent and repeated
>           illegal practices, the full $1,000 should be
>           awarded; in other cases the Court has
>           discretion to award any amount less than that
>           or nothing at all in addition to actual
>           damages.  Congress has provided the Court
>           with a range so that the award in any

>       particular case can be tailored to fit the
>       particular facts.

*Harvey*, 509 F. Supp. at 1222.

## II. Oregon's Unlawful Debt Collection Practices Act (UDCPA)

Oregon law allows a plaintiff to recover actual damages or statutory damages in the amount of $200, whichever is greater. Or. Rev. Stat. § 646.641(1). The court may also award punitive damages and reasonable attorneys' fees. Or. Rev. Stat. § 646.641(1) and (2).

## **DISCUSSION**

The FDCPA prohibits debt collectors from communicating about a debt with any person other than the debtor. 15 U.S.C. § 1692c(b). The UDCPA prohibits a debt collector from communicating with a debtor's employer concerning a debt and from communicating with the debtor at his place of employment without the debtor's permission. Or. Rev. Stat. §§ 646.639(2)(f), (g). The uncontested record establishes Defendant violated these statutory provisions when it communicated with Plaintiff's employer at his home and communicated with Plaintiff's coworkers at his place of employment without Plaintiff's permission.

Plaintiff has established Defendant made two telephone calls to Plaintiff's place of employment and one telephone call to his employer's home. These calls caused Plaintiff embarrassment, anxiety, and humiliation. Plaintiff also feared he would lose

5 - OPINION AND ORDER

his job.

Plaintiff seeks actual damages of $25,000, federal statutory damages in the amount of $1,000, state statutory damages in the amount of $600, and punitive damages in the amount of $50,000.

Although the Court concludes the record does not establish Plaintiff's entitlement to damages to the full extent claimed, the Court, nonetheless, finds Plaintiff has established actual damages for emotional distress in the amount of $10,000. In the exercise of its discretion, the Court also awards Plaintiff federal statutory damages in the amount of $1,000. Finally, the Court awards state statutory damages in the amount of $600. The Court, however, concludes the record does not support an award of punitive damages.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Entry of Default Judgment (#6) and awards Plaintiff damages in the amount of **$11,600.** Plaintiff is also entitled to an award of reasonable attorneys' fees and costs. After the judgment is entered, Plaintiff's counsel may submit a petition for attorneys'

fees and costs in accordance with Fed. R. Civ. P. 54 and LR 54.4.

IT IS SO ORDERED.

DATED this 23rd day of November, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge